# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-03-CR-066(2) JRN |
| | § | |
| JAMES CARDENAS | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
     SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on February 16, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On October 8, 2003, the Defendant was sentenced to 57 months of imprisonment and three years of supervised release for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. The Defendant's supervision commenced on April 10, 2008.

From April 2008 to June 2009, the primary issue Defendant had with regard to his supervision related to his very inconsistent employment, and the failure to make payments on his fine obligation. Then, in July 2009, the Probation Office learned that on June 28, 2009, the Defendant had been arrested and charged with criminal mischief, related to an incident in which the Defendant and his brother were alleged to have broken someone's windshield in an altercation outside of a convenience

store in Luling, Texas. The Defendant had not reported that arrest to his probation officer, and failed to report as directed in June 2009. Based on this, on July 22, 2009, the Probation Office submitted a petition alleging the Defendant had violated his conditions, and the undersigned ordered the issuance of a warrant for the Defendant's arrest on July 31, 2009.

Just shortly before this time, the Defendant had another encounter with law enforcement, this time when Lockhart Police responded to a loud noise complaint at the Defendant's brother's house. When police responded to the complaint, they smelled marijuana, and thus obtained a search warrant for the house. That search led to the discovery of marijuana, cocaine, and scales. The Defendant was found hiding behind a stove when the search was conducted. It appeared to the officers that the Defendant was residing at the house, although at the hearing today he denied that, and denied that he knew there were any drugs at the house.

The Defendant was set for a hearing in the criminal mischief charge in state court in Caldwell County on September 29, 2009. Because he failed to appear at that hearing, a warrant was issued for his arrest in that case. The federal warrant noted earlier remained outstanding as well. (The Defendant was not reporting to his probation officer at this time.) On December 24, 2009, the Defendant was arrested on the state warrant, and the federal warrant was placed against him as a detainer. The Probation Office amended its petition in this case on January 11, 2010, to add new violations relating to the events that took place after the original warrant was issued on July 31, 2009. On February 8, 2010, the Defendant pled guilty to the criminal mischief charge, and was sentenced to 12 months of probation, along with community service, a fine and restitution. He was then transferred to federal custody on February 12, 2010.

On February 16, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) failing to make timely payments on his fine; (2) failing to report during the month of July 2009 and thereafter; (3) failing to notify the probation officer of changes in residence and employment; (4) committing a new offense (criminal mischief); (5) failing to report contact with law enforcement within 72 hours; and (6) associating with persons engaged in criminal activity and with felony convictions without permission.

## III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment. The Court has considered all of the above, and RECOMMENDS that the Defendant be sentenced to 3 months of imprisonment, with 21 months of supervised release to follow. The remaining balance on the Defendant's fine ($805) should also be reimposed as part of this sentence. Further, as noted at the hearing, the Court RECOMMENDS that, if the Defendant meets all of the obligations of his supervision for 12 months after his release, that he be considered for the early termination of his term of supervised release.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of February, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE